**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN HIGHTOWER, | |
| Plaintiff, | Case No. 25-cv-1078 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL OF UNION PACIFIC RAILROAD COMPANY

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant Union Pacific Railroad Company ("Union Pacific") removes this action—with reservation of all defenses and rights—from the Circuit Court of Cook County, Illinois, to this Court. For the sole and limited purpose of establishing the basis of this Court's jurisdiction, Union Pacific assumes the truth of Plaintiff's allegations. This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because it is a putative class action with more than 100 members in the proposed class, there is minimal diversity, and the amount in controversy exceeds $5 million in the aggregate. This Court independently has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Union Pacific and the amount in controversy for Plaintiff's individual claims exceeds the sum or value of $75,000.

### I.     FACTUAL BACKGROUND

1.     On December 12, 2024, Plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois, captioned *Brian Hightower v. Union Pac. R.R. Co.*, Case No. 2024CH10693. A copy of the Complaint is attached hereto as **Exhibit 1**.

2.     Plaintiff purported to effectuate service of the Complaint on Union Pacific on January 2, 2025, and a copy of the summons and all process, pleadings, and orders served upon Union Pacific are attached hereto as **Exhibit 2**.

3.     The Complaint asserts that Union Pacific violated Plaintiff's rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), in several respects. *See* Ex. 1 ¶¶ 16-17, 27-39 (citing 740 ILCS 14/15(a)-(b)).

4.     Plaintiff purports to bring this action on behalf of himself and a putative class of "[a]ll current and former hourly-paid employees who, while working at a facility owned and/or operated by Defendant in the State of Illinois, were required by Defendant to scan their handprints, fingerprints, and/or thumbprints to access the timekeeping system on which they clocked in and out at any time within the period starting five (5) years before the commencement of this action and continuing through judgment." *Id.* ¶ 18.

## II.     THIS COURT HAS JURISDICTION PURSUANT TO CAFA

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class, on the one hand, and Union Pacific, on the other, are citizens of different states; and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

6.     A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Union Pacific must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied, *Dart Cherokee*,

574 U.S. at 89. Thus, while Union Pacific denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, CAFA's jurisdictional requirements are satisfied here.

### A. This Is a Putative Class Action In Which the Proposed Class Exceeds 100 Members

7.     A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8.     This lawsuit meets that definition. Plaintiff sues "on behalf of himself" and a proposed class of "[a]ll current and former hourly-paid employees who, while working at a facility owned and/or operated by Defendant in the State of Illinois, were required by Defendant to scan their handprints, fingerprints, and/or thumbprints to access the timekeeping system on which they clocked in and out" pursuant to the Illinois class action statute, 735 ILCS 5/2-801. Ex. 1 ¶ 18; *see* 735 ILCS 5/2-801 ("An action may be maintained as a class action in any court of this State … only if the court finds: (1) [t]he class is so numerous that joinder of all members is impracticable"; (2) "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; (3) "[t]he representative parties will fairly and adequately represent the interest of the class"; and (4) "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy.").

9.     CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

10.     The Complaint alleges that "Plaintiff reasonably estimates that there are over one hundred Illinois Class members." Ex. 1 ¶ 20. Accordingly, § 1332(d)(5)(B) is satisfied.

### B.    There Is Minimal Diversity Among the Parties

11.    To establish diversity under CAFA, a defendant must show only minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Removal therefore is proper when even one proposed class representative or class member is a citizen of a state different from a defendant's state of citizenship.  *See Dart Cherokee*, 574 U.S. at 552 (noting that the parties must be "minimally diverse" to warrant removal under CAFA).

12.    Plaintiff alleges that he "is, and has been at all times, a resident of Cook County, Illinois."  Ex. 1 ¶ 11.  Although residence and citizenship are not coextensive, because Plaintiff alleges that he resides in Illinois and because the alleged violations took place while he was present in Illinois, the strongest inference is that he is a citizen of Illinois for purposes of diversity jurisdiction.  In addition, given that the putative class is defined as "[a]ll current and former hourly-paid employees who, while working at a facility owned and/or operated by Defendant in the State of Illinois, were required by Defendant to scan their handprints, fingerprints, and/or thumbprints to access the timekeeping system on which they clocked in and out at any time within the period starting five (5) years before the commencement of this action and continuing through judgment," *id*. ¶ 18, many if not most of the unnamed members of the putative class are likely to be Illinois citizens.

13.    At the time this lawsuit was filed and to the present, Union Pacific was and remains a Delaware corporation with its principal place of business in Nebraska.  *Id.* ¶ 12.  Accordingly, Union Pacific is a citizen of the States of Delaware and Nebraska for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S.

567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the filing of the complaint).

14.     Diversity of citizenship thus exists between Union Pacific and at least one member of the putative class.  The minimal diversity requirement is therefore satisfied.

### C.     The Amount In Controversy Exceeds $5 Million

15.     Union Pacific denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here.  Plaintiff's allegations are entirely without merit, and class treatment is not appropriate.  For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

16.     CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6).  The amount in controversy is determined by aggregating the value of the claims of all putative class members based on the allegations in the operative complaint.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million.").  Where a complaint does not state a dollar amount, the defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

17.     Plaintiff seeks, among other things, (i) "the full amount of damages, liquidated damages, and statutory penalties available by law"; (ii) "reasonable attorneys' fees and costs";

(iii) "pre- and post-judgment interest to plaintiff on these damages; and" (iv) "such other relief as this Court deems appropriate." Ex. 1 at Relief Requested ¶¶ e-h.

18.     Although the Complaint does not identify a total dollar amount of damages, Plaintiff alleges that he "reasonably estimates that there are over one hundred Illinois Class members," *id*. ¶ 20; that the BIPA violations allegedly arose when Union Pacific "required hourly-paid employees to scan their handprints, fingerprints, and/or thumbprints to access the employee timekeeping system on which they clocked in and out," *id*. ¶ 14; that "Defendant's violations of BIPA were intentional and reckless or, in the alternative, negligent[,]" *id*. ¶ 39; and that he is entitled to the "full amount of damages, liquidated damages, and statutory penalties available by law" for the allegedly intentional or reckless BIPA violations. *See id*. at Relief Requested ¶ e. Under BIPA, the statutory damages for an intentional or reckless violation by a private entity can be $5,000 per violation. *See* 740 ILCS 14/20(a)(2). Because Plaintiff alleges damages of up to $5,000 per person per alleged violation of Sections 15(a) and 15(b), and because Plaintiff alleges that Union Pacific violated Section 15(b) multiple times per person when it "collected, captured, and/or otherwise obtained [their] biometric identifiers" through an employee timekeeping system that more than 100 putative class members purportedly used to clock in and out of work during a five-year period, Ex. 1 ¶¶ 14-18, the $5,000,000 threshold is reached. Indeed, even if the Complaint alleged only two violations of BIPA per proposed class member, the $5,000,0000 threshold is reached with only 500 members of the proposed class. Union Pacific will argue on the merits that, under a recent amendment to BIPA, *see* 740 ILCS 14/20(b)-(c), each class member could obtain only one recovery per type of violation, but the pertinent inquiry at this stage is the recovery a complaint *seeks*, not what the named plaintiff and putative class members

could *obtain on the merits*. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-13 (7th Cir. 2006). CAFA's amount-in-controversy requirement is thus satisfied.

## III. THIS COURT ALSO HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

19.      A federal court has diversity jurisdiction over an action if two requirements are met: (1) there is complete diversity of citizenship between the plaintiff and the defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.  As shown below, each of these requirements is met here.

### A.      Complete Diversity Exists Between Plaintiff And Union Pacific

20.      As noted above, Plaintiff is a citizen of the State of Illinois and Union Pacific is a citizen of the States of Delaware and Nebraska.

21.      Accordingly, complete diversity of citizenship exists between Plaintiff and Union Pacific. *See* 28 U.S.C. § 1332(a)(1).

### B.      The Amount in Controversy Exceeds $75,000

22.      Union Pacific denies any and all liability, contends that the Complaint's allegations are entirely without merit, and submits that neither statutory damages nor any other form of relief is warranted.  For purposes of this Notice of Removal, however, taking the Complaint's factual and legal allegations as true, the amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement for diversity jurisdiction.

23.      The Complaint alleges that Union Pacific violated BIPA by failing to obtain informed written consent and releases before obtaining Plaintiff's "handprints, fingerprints, and/or thumbprints" and by failing to inform Plaintiff "in writing of the specific purpose and length of

time for which his handprints, fingerprints, and/or thumbprints were being collected and used."
Ex. 1 ¶¶ 16-17, 35-37.  As noted above, Plaintiff seeks, among other things, (i) "the full amount
of damages, liquidated damages, and statutory penalties available by law"; (ii) "reasonable
attorneys' fees and costs"; (iii) "pre- and post-judgment interest to plaintiff on these damages";
and (iv) "such other relief as this Court deems appropriate." *Id.* at Relief Requested ¶¶ e-h.  BIPA
provides "liquidated damages of $5,000 or actual damages, whichever is greater" for intentional
or reckless violations.  740 ILCS 14/20(a)(1).  Plaintiff alleges an "intentional and reckless or, in
the alternative, negligent" Section 15(a) violation, along with multiple intentional or reckless
Section 15(b) violations arising from his alleged use of the employee timekeeping system at issue,
Ex. 1 ¶¶ 6, 39, for which he seeks "full" statutory damages of $5,000 per violation.  *Id.* at Relief
Requested ¶ e.  Plaintiff further alleges that Union Pacific required him to "scan [his] handprints,
fingerprints, and/or thumbprints" when clocking in and out, *id.* ¶ 14, and that he was employed at
Union Pacific for over twenty-eight years. *Id.* ¶ 11.  Given all this, the recovery that Plaintiff seeks
well exceeds $75,000.  *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D.
Ill. 2019) (using the total number of allegedly collected fingerprint scans to calculate the amount
in controversy for purposes of diversity jurisdiction).  As noted above, Union Pacific will argue
on the merits that Plaintiff can obtain only one recovery per type of violation, but the pertinent
inquiry here is the recovery he seeks, which is one recovery for each time his finger was scanned.
*See Oshana*, 472 F.3d at 510-13.

24.     Moreover, "attorneys' fees up to the time of removal … count toward the
jurisdictional amount."  *Id.* at 512.  Because BIPA provides at least $5,000 for an intentional or
reckless violation by a private entity, 740 ILCS 14/20(a)(2), and the Complaint seeks reasonable

attorneys' fees, the amount in controversy exceeds $75,000, not including post-removal attorneys' fees or any other relief sought.  *See Oshana*, 472 F.3d at 512.

25.     Union Pacific denies any and all liability, contends that the Complaint's allegations are entirely without merit, and submits that damages are unwarranted.  For purposes of this Notice of Removal, however, taking the Complaint's factual and legal allegations as true, the amount in controversy for Plaintiff's individual claims alone exceeds $75,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement for diversity jurisdiction.

### IV.    COMPLIANCE WITH REMOVAL STATUTE

26.     The Notice of Removal was properly filed in this District because the Circuit Court of Cook County, Illinois, is located in this District.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

27.     The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

28.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as **Exhibits 1 and 2** are true and correct copies of the Complaint (Exhibit 1) and all process, pleadings, and orders served upon Union Pacific (Exhibit 2).  A copy of the Circuit Court of Cook County, Illinois docket sheet is attached as **Exhibit 3**.  Union Pacific has not filed an answer or other response to the Complaint in state court.  Union Pacific is unaware of any pending motions filed under Illinois procedural rules in state court.

29.     The Notice of Removal is filed within 30 days of service of the Complaint on Union Pacific, and therefore this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

30.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the Circuit Court of Cook County, Illinois.

31.    Union Pacific reserves the right to amend or supplement this Notice of Removal. Union Pacific further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and any other applicable rules, statutes, or case law.

## V.    CONCLUSION

Union Pacific respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.  Union Pacific further requests such other relief as the Court deems appropriate.


Dated:  January 31, 2025                    Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Sean M. Berkowitz (Illinois Bar No. 6209701)
   sean.berkowitz@lw.com
Johanna Spellman (Illinois Bar No. 6293851)
   johanna.spellman@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
   kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Johanna Spellman, hereby certify that I caused a copy of the foregoing to be served on

the parties listed below, by email and prepaid, First Class United States mail, on January 31, 2025.

Jason T. Brown
BROWN, LLC
205 North Michigan Ave., Suite 810
Chicago, IL 60601
(877) 561-0000
jtb@jtblawgroup.com

Edmund Celiesius
BROWN, LLC
111 Town Square, Suite 400
Jersey City, New Jersey 07310
(877) 561-0000
ed.celiesius@jtblawgroup.com

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Johanna Spellman (Illinois Bar No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:    johanna.spellman@lw.com